Francis P. CARPENITO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–554.

United States Court of Veterans Appeals.

April 18, 1995.

Edward Michael McDanel was on the brief for the appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the brief for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

FARLEY, Judge:

This case is before the Court on the appellant's application for an award of attorney fees totaling $4,905.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court has jurisdiction to award attorney fees pursuant to section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (Section 506), which amended 28 U.S.C. § 2412(d)(2)(F) to make EAJA applicable to this Court. For the reasons set forth below, the Court will deny the appellant's application for attorney fees.

## I.

In a March 10, 1993, decision, the Board of Veterans' Appeals (BVA or Board) denied the appellant's claims for service connection for a back disorder and for an increased rating for a service-connected disability resulting from residuals of a shell fragment wound of the right thigh. Record at 7. In its decision, the Board relied upon the opinion of a VA medical advisor, Dr. Anderson. His opinion was obtained after the last Supplemental Statement of the Case had been provided to the appellant.

On May 14, 1993, two months after the BVA decision, the Court decided *Thurber v. Brown*, 5 Vet.App. 119 (1993). In that case, the Court held that

before the BVA relies, in rendering a decision on a claim, on any evidence developed or obtained by it subsequent to the issuance of the most recent [Statement of the Case] or [Supplemental Statement of the Case] with respect to such claim, the BVA must provide a claimant with reasonable notice of such evidence and of the reliance proposed to be placed on it, and a reasonable opportunity for the claimant to respond to it.

*Id.* at 126.

On June 11, 1993, the appellant filed a Notice of Appeal to this Court, and on June 20, 1994, the appellant filed his brief. On July 7, 1994, the Court decided *Austin v. Brown*, 6 Vet.App. 547 (1994). In that case, the Court held that

*Thurber* held that the BVA must afford "a reasonable opportunity for the claimant to respond to [evidence developed or obtained by the BVA]." *Thurber*, 5 Vet.App. at 126. The response to which the claimant was entitled, as contemplated by *Thurber*, was not limited to argument or comment, but also included the claimant's right to submit additional evidence.

*Id.* at 551.

On September 26, 1994, the parties filed a Joint Motion for Remand so that the Board might comply with the newly issued cases of *Austin* and *Thurber, supra*. In the joint motion, the parties stated:

In the instant case, the BVA relied, in its decision, on the opinion of a VA Medical Advisor, obtained subsequent to the most recent SSOC, without providing to Appellant adequate notice or a "reasonable opportunity" to respond, as required. It is noted, however, that its decision preceded *Austin* and *Thurber* as well.

. . . .

Thus, in light of this Court's recent decision in *Austin, supra*, a remand is required in order to allow Appellant an opportunity to submit additional evidence in response to the medical opinion of Dr. Anderson.

If deemed to be appropriate, the Board should secure a medical examination. *See EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (the statutory duty to assist includes the conduct of a thorough and contemporaneous medical examination.).

Joint Motion for Remand at 2–3. On September 28, 1994, this Court granted the joint motion, thus vacating the Board's decision and remanding the matter to the Board.

On October 27, 1994, the appellant filed his application for attorney fees asserting that the Secretary's position lacked substantial justification because (1) the Secretary failed to comply with the duty to assist the appellant in developing his claim, and (2) the Board failed to provide him a reasonable opportunity to respond to the VA medical advisor's opinion. EAJA Application (App.) at 2. On January 12, 1995, the Secretary filed a response to the appellant's application for attorney fees and asserted that he did not contest the fact that the appellant had obtained a final judgment and was a "prevailing party." However, the Secretary argued that his position was substantially justified and that the appellant's application for attorney fees should be denied.

## II.

The EAJA provisions pertinent to the issues presented by this application are:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified....

(2) For the purposes of this subsection—
....

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based....

28 U.S.C. § 2412(d)(1)(A), (2)(D).

In *Stillwell v. Brown,* 6 Vet.App. 291, 302 (1994), this Court established the following standard to determine the "substantial justification" issue:

[T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

The Court also adopted the Federal Circuit's "reasonableness" test, summarizing the guidelines as follows:

(1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985)] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Ibid.*

▇▇▇ To determine whether the Secretary's position was "reasonable" during the administrative proceedings, the Court looks to the relevant, determinative circumstances; here those circumstances are the state of the law concerning the BVA's use of medical advisor evidence. The BVA decided this case before the Court decided *Thurber* and *Austin.* Prior to *Thurber* and *Austin,* it was standard practice for the BVA to rely on medical advisors in their decisions without notifying the claimant in advance of its intention. Certain pre-*Thurber* decisions of this Court appear to have endorsed such a practice. *See Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991) ("If the medical evidence of record is insufficient, or, in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion...."); *Mur-*

*phy v. Derwinski*, 1 Vet.App. 78, 81 (1990) (holding that "BVA decisions must include the 'reasons or bases' for medical conclusions, even those opined by a BVA physician....", but not finding that the appellant must be provided notice and an opportunity to rebut such an opinion prior to the Board's decision.); *see also Olney v. Brown*, 7 Vet. App. 160, 162 (1994). The Board's reliance upon a VA medical advisor's opinion, without providing the appellant with notice or an opportunity to respond, was not unreasonable given the "totality of the circumstances," that in the state of the law on this issue at the time of the Board's decision. Thus the Secretary's position at the administrative level was substantially justified, for the Board acted "consisten[tly] with judicial precedent and VA policy." *Olney, supra; Stillwell, supra.*

■ To determine whether the Secretary's position was "reasonable" during the litigation proceedings, the Court looks to the circumstances surrounding the resolution of the dispute. The primary motive for the joint remand motion was the change of law brought about by *Thurber* and *Austin.* The Court's holding in *Austin* defined the scope of the "reasonable opportunity" duty levied upon the Secretary under *Thurber.* When applied to this case, the conclusion that the appellant had been denied a "reasonable opportunity" to respond to Dr. Anderson's opinion resulted. In only a little more than two months after the *Austin* decision, the Secretary participated in a joint remand motion, which was filed on September 26, 1994. Thus, the Secretary did not "drag [his] feet" when he timely negotiated the joint motion to resolve this litigation. Again, given the "totality of the circumstances," the Secretary's position at the litigation level was also substantially justified.

### III.

The appellant also argued that the Secretary "failed to comply with the statutory obligation to assist the appellant to develop the facts pertinent to the development of his claim." EAJA App. at 2. In *Olney*, 7 Vet. App. at 163, the appellant presented a similar argument, but this Court rejected that proposition by stating: "While this argument may be of interest, it is premature; it goes to the merits of the appellant's claim and is more properly raised before the BVA during remand. Our 'totality of the circumstances' review compels the conclusion that it played little, if any, role in the remand."

### IV.

Having considered all of the factors set forth in *Stillwell v. Brown* and the entire record of this case, the Court concludes that, under the "totality of the circumstances," the position of the government was substantially justified. *See Olney, supra.* Accordingly, the appellant's EAJA application for attorney fees and expenses is DENIED.