Betty J. DILLON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–114.

United States Court of Veterans Appeals.

Aug. 8, 1995.

Greg Morton, for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Vito A. Clementi, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

KRAMER, Judge:

The matter before the Court is the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons that follow, the Court will deny the appellant's application.

## I. BACKGROUND

### A. Underlying Appeal

The appellant is the widow of veteran John P. Dillon. Following the veteran's death, the appellant filed with a Department of Veterans Affairs (VA) regional office (RO) an application for dependency and indemnity compensation (DIC), asserting that the veteran's service-connected psychiatric condition had contributed to his death. Record (R.) at 351–54. After the RO denied her claim, the appellant filed an appeal with the Board of Veterans' Appeals (BVA or Board). In adjudicating the claim, the Board sought and received the opinion of a Board medical adviser, but did not provide the appellant an opportunity to present evidence in response to that advisory opinion. In a November 1993 decision, the Board, relying on the advisory opinion, denied service connection for the cause of the veteran's death. R. at 5–14. The appellant then sought review in this Court.

On September 30, 1994, the appellant, through counsel, filed a brief asserting that reversal or remand was required because, inter alia, (1) the Secretary had breached his statutory duty to assist the appellant in developing evidence favorable to her claim; (2) the Board failed to apply the benefit-of-the-doubt doctrine; and (3) the Board made clearly erroneous factual findings. Appellant's Brief at 11–20. On January 3, 1995, the appellant and the Secretary filed a joint

motion for remand. The motion asserted only one ground for the remand: the Board's failure to permit the appellant to submit evidence in response to the Board medical adviser's opinion violated this Court's decision in *Austin v. Brown,* 6 Vet.App. 547 (1994). Joint Motion (Mot.) at 1–3. With respect to proceedings on remand, the motion called for readjudication of the claim "consistent with the contents of this motion, applicable statutory and regulatory provisions, and decisions of this Court." Joint Mot. at 3. In an unpublished order dated January 5, 1995, the Court granted the joint motion, vacated the BVA decision, and remanded the matter. ·

### B. Application for Attorney Fees and Expenses

On February 3, 1995, the appellant filed an application for attorney fees and expenses pursuant to Rule 39(a) of the Court's Rules of Practice and Procedure (Rules). In her application, the appellant asserted that she is a prevailing party, that her net worth did not exceed two million dollars at the time the case was filed, and that the Secretary's position was not substantially justified. Application at 1–4.

The Secretary filed a response (Resp.) to the appellant's application on April 17, 1995. The Secretary argued that his position was substantially justified and that the appellant's EAJA application should therefore be denied. Resp. at 6. On April 28, 1995, the Secretary, pursuant to Rule 28(h), submitted a statement of supplemental authority, referencing the Court's recent opinion in *Carpenito v. Brown,* 7 Vet.App. 534 (1995).

### II. ANALYSIS

#### A. Prerequisites for an EAJA Award

█ To be entitled to an award of EAJA fees and expenses, the party opposing the United States must be a prevailing party, and the government must have been unsuccessful in demonstrating that its position was substantially justified. *See Doria v. Brown,* 8 Vet.App. 157, 161 (1995); *Penny v. Brown,* 7 Vet.App. 348, 350 (1995). In this matter

the Secretary contests only the question of substantial justification.

#### B. Substantial Justification

In *Stillwell v. Brown,* 6 Vet.App. 291 (1994), the Court established the following standard for determining whether the Secretary's position was substantially justified:

> VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell,* 6 Vet.App. at 302; *see Felton v. Brown,* 7 Vet.App. 276, 279–80 (1994) (Secretary must demonstrate that VA's position was substantially justified both at the administrative level and before the Court). The Court has adopted the Federal Circuit's "reasonableness" test, summarizing the guidelines as follows:

> (1) [R]easonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985) ] (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Stillwell, supra.*

#### 1. Administrative Position

█ To determine whether the Secretary has carried his burden of proof in dem-

onstrating that his position was reasonable during the administrative proceedings, the Court looks to the "relevant, determinative circumstances." *Bowyer v. Brown,* 7 Vet. App. 549, 552 (1995); *Carpenito,* 7 Vet.App. at 536. Here, as in *Carpenito,* upon which the Secretary relies, the "relevant, determinative circumstances" are the state of the law concerning the Board's reliance on a Board medical adviser's opinion at the time of the Board's decision. In *Carpenito* the Court noted that certain decisions of the Court issued prior to *Austin, supra,* and *Thurber v. Brown,* 5 Vet.App. 119 (1993), appear to have endorsed the Board's use of Board medical adviser opinions without requiring notice and an opportunity for submission of rebuttal evidence. *See Carpenito, supra.* The Court therefore concluded that the Board's reliance on such an opinion without providing notice or an opportunity for rebuttal was, prior to the issuance of *Austin, supra,* "not unreasonable given the 'totality of the circumstances.'" *Carpenito,* 7 Vet.App. at 537. The Court concludes that the analysis set forth in *Carpenito* is applicable in this case, and therefore holds that the Secretary's administrative position here was substantially justified.

■ The Court notes, however, that in her EAJA application the appellant argues that the Secretary's position at the administrative level lacked substantial justification not only due to the *Austin* error that served as the basis for the joint remand motion, but also due to the three alleged errors that the appellant had identified in her brief on the merits (violations of the duty to assist; failure to apply the benefit-of-the-doubt doctrine, and clearly erroneous factual findings). The appellant would now have the Court reach back and, in essence, readjudicate the appeal de novo. However, the Supreme Court has admonished: "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *see also Pierce v. Underwood,* 487 U.S. 552, 563, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988) (quoting *Hensley* ). The Court declines the appellant's invitation to conduct such a "second major litigation" in this matter. The fact that the Court's re-

mand order cited only the *Austin* error and did not address any other allegations of error establishes that the *Austin* error alone served as "the catalyst for the remand." *Olney v. Brown,* 7 Vet.App. 160, 162 (1994). Thus, those arguments were not "relevant, determinative circumstances" that would shed light on the reasonableness of the Secretary's administrative position. *See Bowyer, supra; Carpenito, supra.*

### 2. *Litigation Position*

■ To determine whether the Secretary has demonstrated that his position was "reasonable" during the litigation proceedings, the Court looks to the circumstances surrounding the resolution of the dispute. *See Bowyer, supra; Carpenito, supra.* The only litigation position taken by the Secretary before this Court was that taken in the joint motion to remand the matter to the Board for readjudication in light of the change in case law brought about by *Austin, supra*—a position that was identical to the appellant's final litigation position. The joint motion was filed three months after the appellant filed her brief. A review of the docket sheet in this case demonstrates, as the Secretary contends, Resp. at 15, that VA did not drag its feet in negotiating the joint motion for remand with the appellant. *See Essex Electro, supra* (when deciding whether government's position was substantially justified, court should consider whether government "drag[ged] its feet ... [or whether it] cooperated in speedily resolving the litigation"); *Olney, supra* (citing *Stillwell, supra* ). Under these circumstances, the Court concludes that the Secretary's litigation position was reasonable. *See Olney, supra.*

Accordingly, upon review of the "totality of the circumstances," *Stillwell, supra,* the Court holds that the Secretary's position was substantially justified.

### III. CONCLUSION

For the reasons stated above, the appellant's application for attorney fees and expenses is DENIED.