Rodney E. RHODAN, Appellant,

and

Douglas A. Haywood, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

Nos. 96–1080, 97–25.

United States Court of Veterans Appeals.

Dec. 1, 1998.

Kenneth M. Carpenter was on brief for appellant Rhodan.

Jeffrey Wood was on brief for appellant Haywood.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Barabara J. Finsness along with Gregory W. Fortsch were on brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

NEBEKER, Chief Judge, filed the opinion of the Court. HOLDAWAY, Judge, filed a concurring opinion.

NEBEKER, Chief Judge:

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), the two appellants, Rodney E. Rhodan and Douglas A. Haywood, seek costs and attorney fees incurred in the prosecution of claims on appeal from the Board of Veterans' Appeals (BVA or Board). The Secretary opposes both applications on the sole ground that the government's position was substantially justified. By an order dated May 21, 1998, the Court consolidated these two cases because they present a common issue: Whether the government's position, at the time of the BVA decision, was substantially justified in light of the shortly forthcoming amendment to a portion of the rating schedule addressing mental disorders. For the following reasons, the Court will deny both applications.

## I. JOINT FACTS

On October 25, 1995, the Secretary proposed to amend the portion of the rating schedule dealing, in relevant part, with regulations concerning post-traumatic stress disorder (PTSD). *See* 60 Fed.Reg. 54825 (Oct. 25, 1995). In August 1996, the BVA denied an increased rating for Rhodan's service-connected PTSD. On October 8, 1996, the Secretary published the final version of the revised mental disorder rating schedule and assigned November 7, 1996, as the effective date for the revisions. *See* 61 Fed.Reg. 52700 (Oct. 8, 1996). On October 31, 1996, the BVA denied an increased rating for Haywood's service-connected PTSD, applying the pre-revision version of the regulations. Apparently, the Board's decision did not mention the revised regulations that were to go into effect seven days later. Those regulations became effective on the prescribed date. *See* 38 C.F.R. §§ 4.16, and 4.125 through 4.132 (1997).

In May 1997, Mr. Rhodan filed a motion arguing that the Court should remand his case, alleging multiple errors in the Board's decision. In August 1997, the Court ordered a remand in Mr. Rhodan's case on the sole ground that under *Karnas v. Derwinski,* 1 Vet.App. 308 (1991), he was entitled an adjudication of his claim using the revised regulations. The Court expressly rejected Mr. Rhodan's other arguments for remand.

In September 1997, Mr. Haywood and the Secretary filed a joint motion for remand because the change in regulations warranted a remand under *Karnas, supra.* The Court granted the motion, and Mr. Haywood filed an application for EAJA fees the next month. The Court received Mr. Rhodan's EAJA application in November 1997.

## II. ANALYSIS

### A. General

■ Under the EAJA, this Court will award attorney fees to a prevailing party unless it finds that the "position of the Unit-

ed States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown,* 6 Vet.App. 291, 301 (1994). In determining whether the government's position was substantially justified, VA must demonstrate the reasonableness of its positions, both at the administrative level and before this Court, based upon the "totality of the circumstances." *Id.,* at 302. As the Secretary agreed without undue delay to a remand of both these appeals, the Court holds that his position before this Court was substantially justified in both these cases. *Moore v. Gober,* 10 Vet.App. 436, 440 (1997). Here, the determinative issue is whether the government's position at the administrative level was substantially justified.

### B. EAJA Award

#### 1. Applicable regulations at the time of the BVA decision

In these appeals, because both Mr. Haywood and Mr. Rhodan prevailed in their claims due to the revision of the rating schedule covering PTSD ratings, the relevant, determinative circumstance in these appeals is the state of the law concerning the mental disorder rating schedule at the time of the BVA decisions. *Cf. Carpenito v. Brown,* 7 Vet.App. 534, 536 (1995). At the time of Mr. Rhodan's BVA decision, the Secretary had proposed amending the mental disorder rating schedule but had not yet adopted any specific changes. By the time of Mr. Haywood's BVA decision, the Secretary had adopted the final regulations, but their effective date was still a week away.

Regardless of the exact administrative posture of the proposed changes to the regulations, there is no doubt as to which version was applicable at the time of either BVA decision at issue here. It is well settled that the rulemaking procedures of the Administrative Procedure Act (APA), 5 U.S.C. §§ 552, 553, govern the VA regulatory process. *See* 38 U.S.C. § 501(c), (d); *Fugere v. Derwinski,* 1 Vet.App. 103, 107 (1990). Sections 553(d) and 552(a)(1)(D) of title 5 mandate, absent some specific exceptions listed at § 553(d)(1)-(3), that the effective date of a regulation must be 30 days after the date of publication of the adopted regulation in the

Federal Register. Until the statutory 30 days have passed, the regulation is not lawfully effective. *See Rowell v. Andrus,* 631 F.2d 699, 704 (10th Cir.1980). Thus, prior to November 7, 1996, the revised regulations at issue here were not lawfully effective.

Nor do the revised regulations allow for their retroactive application prior to November 7, 1996. When the Secretary adopted the revised mental disorder rating schedule and published it in the Federal Register, the publication clearly stated an effective date of November 7, 1996. Because the revised regulations expressly stated an effective date and contained no provision for retroactive applicability, it is evident that the Secretary intended to apply those regulations only as of the effective date. *See Allin v. Brown,* 6 Vet.App. 207, 211 (1994).

■ The Secretary's legal obligation to apply November 7, 1996, as the effective date of the revised regulations prevents the application, prior to that effective date, of the liberalizing law rule stated in *Karnas.* "[W]here compensation, dependancy and indemnity compensation, or pension is awarded or increased pursuant to any Act or administrative issue, the effective date of such an award or increase ... shall not be earlier than the effective date of the Act or administrative issue." 38 U.S.C. § 5110(g). This effective date rule prevents the application of a later, liberalizing law to a claim prior to the effective date of the liberalizing law. *See DeSousa v. Gober,* 10 Vet.App. 461, 467 (1997); *see also McCay v. Brown,* 9 Vet.App. 183, 187 (1996) ("plain language of section 5110(g) prohibits a retroactive award prior to the effective date of the legislation"), *aff'd,* 106 F.3d 1577 (Fed.Cir.1997). Accordingly, the Court holds that for any date prior to November 7, 1996, the Board could not apply the revised mental disorder rating schedule to a claim.

#### 2. Substantially justified

■ Hence, there was no ambiguity as to the state of the law concerning the Secretary's mental disorder rating schedule at the time of either Mr. Rhodan's or Mr. Haywood's BVA decisions. The revised regula-

tions were not effective at the time of either BVA decision, nor were the intended revisions to have a retroactive effect. In both decisions, the Board applied the then-current, and only applicable, version of the rating schedule. Therefore, the government's position at the administrative level for both these cases was substantially justified. *See Dillon v. Brown*, 8 Vet.App. 165, 168 (1995); *Carpenito*, 7 Vet.App. at 536–37.

## C. Miscellaneous

Regardless of the effective date issue, Mr. Rhodan's primary argument is that there were reasons for a remand of his BVA decision other than the PTSD change-in-regulation issue stated as the basis for this Court's August 1997 order. *See* Appellant Rhodan's EAJA Application at 4–5. Given these other reasons for a remand, Mr. Rhodan asserts that the Secretary's position was not substantially justified. *See* Appellant Rhodan's Reply at 1–2. Nevertheless, because the Court remanded his claim based solely upon the reason that the PTSD regulations had changed, it is irrelevant whether the Secretary's position on those other issues was substantially justified. *See Dillon*, 8 Vet. App. at 168.

## III. CONCLUSION

After consideration of the pleadings and in view of the foregoing, both these appellants' EAJA applications for fees and costs are DENIED.

HOLDAWAY, Judge, concurring:

The Secretary's position before this Court, to be substantially justified within the meaning of EAJA, does not require that he prevails. He need merely to present a litigation position that is reasonable within the context of the adversarial nature of the proceedings. Indeed, it is important in an adversarial system that both parties defend their respective interests in a strong and effective manner. In this regard it must be remembered that the Secretary is not merely representing the departmental interests, he is, in a larger sense, representing the taxpayers of this country and defending the public fisc from the payment of unjustified claims. Of course, a frivolous defense by the Secretary is no more acceptable than a frivolous appeal by a Veteran. The EAJA is one sided in "punishing" only the former. That is a policy determination made by Congress. In any event, an interpretation of "substantially justified" that is unduly liberal in favoring claimants may have the unfortunate effect of deterring the Secretary from taking reasonable positions before this Court and thus presenting the kind of vigorous defense of the public fisc that the taxpayers have a right to expect. Insofar as "positions" at the administrative level are concerned these are taken in a, presumably, nonadversarial proceeding. *But see Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998) (wherein majority of that Court infers Veteran's Judicial Review Act changed nonadversarial nature of claims system). The position of the Secretary at the administrative level is the adjudicative decision. Nonetheless, even given the putatively non adversarial and paternalistic nature of the proceeding, the veteran's interest is not the only one that the Secretary and his delegates must consider. If that were so all claims would be paid, no questions asked—the ultimate "pro veteran" position. There is a duty to ensure that, insofar as possible, only claims established within the law are paid. The public fisc and the taxpayer must be protected from unjustified claims. Therefore, as in the litigation environment, an unduly liberal interpretation of the EAJA that would deter an adjudicator from reasonably balancing these conflicting interests in the decision he made would be wrong. It would, in the short run, favor individual claimants. In the long run it would, in my opinion, subvert the system root and branch.