**J.B. STEPHENS, Appellant,**

v.

**Togo D. WEST, Secretary of Veterans Affairs, Appellee.**

No. 97–702.

United States Court of Veterans Appeals.

Jan. 19, 1999.

Gerald L. Miller was on the pleadings for the appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Gregory W. Fortsch were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge:

The matter before the Court is the application of the appellant, J.B. Stephens, for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Court will deny the appellant's application for the following reasons.

## I. FACTS

On April 28, 1997, the Board of Veterans' Appeals (BVA or Board) denied Mr. Stephens an increased rating for his service-connected bilateral varicose veins, then rated at 50% disabling. He appealed that decision to the Court on May 5, 1997. Prior to either party's submitting his brief to the Court, on February 19, 1998, a joint motion for remand was filed. The motion stated that during the pendency of the appeal, the regulations pertaining to varicose veins were amended, effective January 12, 1998. *See* 38 C.F.R. §§ 4.100, 4.101, 4.102, and 4.104 (1998). Accordingly, citing *Karnas v. Derwinski*, 1 Vet. App. 308 (1991), the parties concurred that the veteran was entitled to a remand for determination and application of the version of the regulations most favorable to him. The motion also stated:

> If the Board determines that the rating criteria in effect prior to 1998 are more favorable for any aspect of Appellant's claim, the Board should also consider whether another VA examination should be performed in order to evaluate Appellant's varicose veins in light of the fact that some of the tests that are contemplated under the 60 percent rating in the rating schedule in effect prior to the 1998 amendments do not appear to have been conducted by the VA in the most recent VA examinations in October 1993 and January 1994, even though the examiners were asked by the RO to conduct those tests, according to a November 1993 deferred rating decision and a December 1993 compensation and

pension examination request. Also, the Board should consider conducting another examination because the VA examination reports from 1993 and 1994 and the 1994 private medical statements and test results from Doctor Rod Yeager and Doctor Carl Hines appear to conflict substantially on the issue of Appellant's deep vein circulation, which is a pertinent criteri[on] mentioned in the rating schedule in effect prior to the 1998 amendments.
Joint Motion at 2 (citations omitted). On February 24, 1998, the Court granted the motion, vacated the BVA decision, and remanded the matter. This application for attorney fees and expenses in the amount of $3,168.87 followed.

In his application, the appellant maintains that he is a prevailing party, that his net worth did not exceed two million dollars at the time the case was filed, and that the Secretary's position was not substantially justified. Application at 1–2; *see also* 28 U.S.C. § 2412 (requirements for recovery under EAJA). The appellant argues that the Secretary's position, both during the administrative stage of the proceedings and "into the appeal," was not substantially justified, because the remand was necessitated by two equally substantial bases: the incomplete and inconsistent medical evaluations; and the change in the regulations. Appellant's Reply at 2–4. The appellant contends that the actual catalyst for the remand was the inadequate medical examinations, and that the change in the regulations was simply a fortuitous additional basis. *Id.* at 3. The appellant states that the inadequate medical evaluations led to the BVA's flawed analysis and decision, and regardless of which version of the regulations is ultimately applied, the remand was necessary to allow for an adequate examination which could then serve to support a disability rating under 38 C.F.R. § 4.2 (1997). *Id.* at 3–4.

The appellant's attorney also submitted an affidavit which states that in a telephone conversation in January 1998, it was the Secretary's attorney who, "*ab initio* proffered that the Appellant's medical examinations were inadequate and conflicting and thereby warranted remand." *Id.* at Exhibit 1. The appellant's attorney further swore that it was he who then pointed out that the regulations had been amended, and that the Secretary's attorney and he then agreed to propose a joint remand on both bases. *Id.*

In response, the Secretary contends that his position was substantially justified, and that the appellant's EAJA application should therefore be denied. Response (Resp.) at 3–6. The Secretary does not dispute that the appellant is an "eligible party" for an EAJA award, conceding that the appellant is a prevailing party, that there are no special circumstances that make an award unjust, that the fee application was timely filed, and that the amount of fees and expenses submitted is not unreasonable. *Id.* at 4. However, the Secretary "contends that the government's position was substantially justified because the catalyst for the remand in this case was based on the intervening change in the regulations between the time of the Board's decision and the culmination of the litigation." *Id.* The Secretary likens the appellant's argument to the contrary as a "smokescreen" to cover the real reason for the remand. *Id.* at 6.

The Secretary argues that this case is analogous to *Olney v. Brown*, 7 Vet.App. 160 (1994), where a joint motion for remand was filed to compel the BVA to comply with a change in case law which occurred during the pendency of the appeal. *See* Resp. at 5. The *Olney* joint motion also stated, "Remand would also permit the BVA to more fully satisfy this Court's jurisprudence regarding credibility determinations and the requirement to state the reasons or bases for a decision." 7 Vet.App. at 161. In denying the appellant's application for EAJA fees, the *Olney* Court held that under the totality of the circumstances, the catalyst for the remand was the law change. *Id.* at 162. The Court concluded that the appellant's allegations of Board error, which he maintained would warrant a remand, were simply a "smokescreen" to cover the real reason for the remand. *Id.* at 163. The Secretary argues that similarly, in this case, a plain reading of the joint motion makes clear that the basis for the remand was the law change, and "[o]nly as an afterthought, [had] the parties

stated that the Board 'should consider' whether another examination might be advisable, leaving that decision to the discretion of the Board on remand." Resp. at 6.

## II. ANALYSIS

The EAJA, as relevant here, provides:

[A] court shall award to a prevailing party other than the Unites States fees and other expenses incurred by that party in any civil action, ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, INS v. Jean,* 496 U.S. 154, 158–60, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (holding that for fee agreements, a court shall make a one-time determination as to whether the government's position was substantially justified). The "position of the United States" includes both the position taken in the civil action, as well as the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D); *Olney,* 7 Vet.App. at 162.

■ Once an appellant alleges that the position of the Secretary was not substantially justified, the burden shifts to the Secretary to show that his position was substantially justified, in order to avoid paying the EAJA fees. *See Locher v. Brown,* 9 Vet. App. 535, 537 (1996). The Court in *Stillwell v. Brown* provided a test for substantial justification, whereby the government's position is substantially justified if VA can demonstrate the reasonableness of its position, both at the litigation stage as well as the administrative stage, based on the totality of the circumstances. 6 Vet.App. 291, 302 (1994). In *Stillwell* the Court also defined the "reasonableness" test:

(1) [R]easonableness is determined by the totality of the circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and ... the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex [Electro Engineers, Inc. v. United States,* 757 F.2d 247, 253 (Fed.Cir.1985) ] (citation omitted); ■ whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id.;* and (4) whether the government "departed from established policy in such a way as to single out a particular private party," *id.* at 254 (citation omitted).

*Id.*

■ The Court looks to the "relevant, determinative circumstances" to decide whether the Secretary has carried his burden of proof, showing that his position was reasonable during the administrative stage of the proceedings. *Dillon v. Brown,* 8 Vet.App. 165, 167–68 (1995); *Bowyer v. Brown,* 7 Vet. App. 549, 552 (1995); *Carpenito v. Brown,* 7 Vet.App. 534, 536 (1995). Regarding the Secretary's litigation position, the Court looks to the circumstances surrounding the resolution of the dispute, to determine if the Secretary's stance was substantially justified. *Dillon,* 8 Vet.App. at 168; *Bowyer,* 7 Vet. App. at 553; *Carpenito,* 7 Vet.App. at 537.

■ Because the only litigation position taken by the Secretary before this Court was to request a remand in a timely manner, the Court holds that the Secretary acted reasonably and was substantially justified at the litigation stage. It is the Secretary's position during the administrative proceedings that is at issue. The Secretary argues that the catalyst for the remand was the change in the law, and because the Board relied upon the regulations then in existence when it denied an increased rating, the BVA's decision was reasonable. The Board's action regarding which regulations were applied, however, is not called into question here; it was the Board's decision in reliance on inadequate medical examinations that the appellant argues was not justified. While the appellant's argument warrants consideration, it is the Court's order remanding the claim, and consequently the language of the joint motion, upon which an evaluation of the basis for the remand must focus. *See Olney,* 7

Vet.App. at 162–63; *Dillon,* 8 Vet.App. at 167–68.

In *Olney,* the joint remand motion stated that remand "would also permit the BVA to more fully satisfy this Court's jurisprudence regarding credibility determinations and the requirement to state the reasons or bases for a decision." *Id.* at 161. Despite this language, under the totality of the circumstances, the Court found that the joint motion for remand relied on only one basis, namely, the change in law since the BVA decision, and that the Secretary's position was therefore substantially justified. 7 Vet. App. at 162–63. Likewise, in the present case, the joint motion conditionally states that even if the changed regulation is not more favorable to the veteran, the BVA "should also consider whether another VA examination should be performed." Worded as such, this statement is neither an admission by the Secretary that an error occurred at the administrative level, nor a directive awarding the performance of a new evaluation on remand. Rather, as in *Olney,* this language is an exhortation to the Board to ensure that its possible new determination is predicated on a different and complete medical record. *Cf. Stegall v. West,* 11 Vet.App. 268 (1998) (holding that where Court remanded case, and BVA subsequently remanded with instructions such as "veteran should be afforded a special exam," the claimant has, as a matter of law, a right to compliance with such remand orders).

The Court holds here that the only basis for remand was to permit the BVA to consider the effect of the regulation change on the veteran's claim. While the appellant would have the Court examine the appropriateness of the medical examinations relied on by the Board, we will not "reach back and, in essence, readjudicate the appeal de novo." *Dillon,* 8 Vet.App. at 168. We will not now address this issue, for as we said in *Olney,* "While this argument may be of interest, it is premature; it goes to the merits of the appellant's claim and is more properly raised before the BVA during remand." 7 Vet.App. at 163; *see also Rhodan v. West,* 12 Vet.App. 55 (1998). Based on the totality of the circumstances before the Court at this time, we must find that the Secretary's administrative position was substantially justified.

Because the motion did not present two unequivocally agreed-to justifications for remand, the Court here does not reach the question of entitlement to EAJA fees where two equal bases serve as the catalyst for remand, one being an intervening change in law. We reserve that question for another day.

## III. CONCLUSION

The Court concludes that the change in the regulations during the pendency of the appeal was the sole basis for remand articulated by the parties in their motion and granted by the Court. Therefore, based on the totality of the circumstances, the Court holds that the Secretary's position was substantially justified. Accordingly, the appellant's application for attorney fees and expenses is DENIED.