**Mervin W. JACOBSEN, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–309.

United States Court of Appeals for Veterans Claims.

Sept. 23, 1999.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

On August 26, 1999, in a per curiam order, the Court granted in part the appellant's application for attorney fees and expenses pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Pursuant to the Court's Internal Operating Procedures (IOP) at V.(a)(3), a judge requested en banc consideration.

On consideration of the foregoing, and it appearing that there is no majority in favor of the request for en banc consideration, it is

ORDERED that en banc consideration is DENIED.

NEBEKER, Chief Judge, concurring:

I believe that the Court's action in this case is fully consistent with our EAJA jurisprudence and with Supreme Court precedent. My dissenting colleague makes much of what he would have us believe is binding precedent rendering *"verboten "* (emphasis is his a "retrying of the merits of the case by the Court.") He would create a holding from what the Supreme Court itself has characterized as a "view." *Pierce v. Underwood,* 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Reading the statement in context in *Pierce* makes clear that the avoidance of a "second major litigation" is desirable when the level of hourly fees is the question, but it is merely one factor to be considered, and is overridden by the duty of the adjudicative body that determines the fee to do what is "reasonable." *Id.* at 581–82, 108 S.Ct. 2541. *Hensley,* cited in *Pierce,* states that "[a] request for attorney's fees should not result in a second major litigation." *Hensley, supra.* However, this elaboration immediately follows:

> Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked ... and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Id.* The overriding emphasis in both *Hensley* and *Pierce* is on the exercise of discretion by the court that disposes of the application. Read in context, in both these cases, the sense of the statement concerning "a second major litigation" is that, in the best of all possible worlds, it would never be necessary. However, both cases proceed to resolve just such a litigation by holding that appellate review is very limited indeed over a court's exercise of discretion in deciding entitlement to and amount of such a fee.

As to EAJA applications filed in this Court, our duties are like those of the district court in *Pierce* and *Hensley.* 28 U.S.C. § 2412(d)(2)(F). In considering EAJA applications, this Court has consistently applied one guiding principle: that the determination whether to award or deny fees must be made based on "the totality of the circumstances." *See, e.g., Jackson v. West,* 12 Vet.App. 422, 426–28 (1999) ("relevant, determinative circumstances" must be considered); *Stephens v. West,* 12 Vet.App. 115, 119 (1999); *Rhodan v. West,* 12 Vet.App. 55, 57 (1998); *Dillon v. Brown,* 8 Vet.App. 165, 167 (1995). One size does not fit all. I believe that the Court's action in *Jacobsen* complies with this guiding principle and is reasonable based on the totality of the relevant, determinative circumstances. My dissenting colleague would cabin those circumstances far too narrowly. His hyperbole bespeaks the weakness of the judgment he would make.

STEINBERG, Judge, dissenting:

I requested and voted for en banc consideration of the panel precedential order in *Jacobsen v. West,* 12 Vet.App. 546 (1999) (per curiam order), because I believe that the award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), in this case is contrary to over four years of unanimous precedent in this Court, as described below. Also, although this case does not involve a complicated question, it does raise a matter of considerable importance in our EAJA jurisprudence. *See* U.S. Vet.App. R. 35(c) (full Court decision indicated when "necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance").

### A. Response to Concurring Statement

The lack of justification for the EAJA award in this case is nowhere more clearly shown than in the concurring statement of

Chief Judge Nebeker in trying, in vain, to rationalize the panel order's inexplicable gift to the appellant's attorney, notwithstanding *this Court's* clearly contrary caselaw, which I will outline below. Instead of dealing with *that* caselaw, which is binding on this Court unless overruled by the full Court, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), or the Supreme Court,[1] the concurring statement sets up strawmen in the form of two Supreme Court cases and then announces that those strawmen do not preclude the EAJA award in this case. As my discussion below shows, however, it is *this Court* that has already employed those cases as the basis for our caselaw with which the *Jacobsen* award is inconsistent. Moreover, again as the caselaw described below fully illustrates, the so-called "determinative circumstances" test that the concurring statement trumpets from our binding caselaw refers to the circumstances that were *determinative* in the Court's *articulated decision* to remand the case initially. Part B., below, sets forth the status of our caselaw prior to the aberrant panel order in *Jacobsen*.

### B.  Court's Binding Precedent Before Jacobsen

In 1995, Judge Kramer wrote concisely, precisely, and correctly a unanimous opinion of the Court in *Dillon v. Brown*—the panel of which included one of the members of the *Jacobsen* panel. *Dillon*, 8 Vet. App. 165 (1995). In *Dillon*, Judge Kramer, writing for that panel, held:

> The appellant would now have the Court reach back and, in essence, readjudicate the appeal de novo. However, the Supreme Court has admonished: "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 ... (1983); *see also Pierce v. Underwood*,

487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 ... (1988) (quoting *Hensley* ). The Court declines the appellant's invitation to conduct such a "second major litigation" in this matter. *The fact that the Court's remand order cited only the Austin [v. Brown, 6 Vet.App. 547 (1994),] error and did not address any other allegations of error establishes that the Austin error alone served as "the catalyst for the remand."* *Olney v. Brown*, 7 Vet.App. 160, 162 (1994). Thus, those arguments were not "relevant, determinative circumstances" that would shed light on the reasonableness of the Secretary's administrative position.

*Id.* at 168 (emphasis added).

It is difficult to see how the relitigation matter could have been resolved any more definitively, but Chief Judge Nebeker articulated the same principle with equal clarity last year in *Rhodan v. West*, holding as follows:

> Mr. Rhodan's primary argument is that there were reasons for a remand of his [Board of Veterans' Appeals (BVA or Board) ] decision other than the [post-traumatic stress disorder (PTSD) ] change-in-regulation issue stated as the basis for this Court's August 1997 order. *See* Appellant Rhodan's EAJA Application at 4–5. Given these other reasons for a remand, Mr. Rhodan asserts that the Secretary's position was not substantially justified. *See* Appellant Rhodan's Reply at 1–2. Nevertheless, *because the Court remanded his claim based solely upon the reason that the PTSD regulations had changed, it is irrelevant whether the Secretary's position on those other issues was substantially justified. See Dillon*, 8 Vet. App. at 168.

---

1.  *See Bethea v. Derwinski*, 2 Vet.App. 252, 254(1992) (holding that "only the en banc Court may overturn a panel decision"); *Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991) ("a decision of this Court, unless or until over- turned by this Court *en banc*, ... the [U.S. Court of Appeals for the] Federal Circuit [ (Federal Circuit) ], or the Supreme Court, is a decision of the Court on the date it is issued").

*Rhodan v. West,* 12 Vet.App. 55, 58 (1998) (emphasis added).

Shortly after *Rhodan,* Chief Judge Nebeker again wrote for the Court a denial of EAJA fees in *Stephens v. West,* holding that "here the only basis for remand was to permit the BVA to consider the effect of the regulation change on the veteran's claim" and refused to "examine the appropriateness of the medical examinations relied on by the Board." *Stephens,* 12 Vet. App. 115, 119 (1999). The opinion concluded: "[W]e will not 'reach back and, in essence, readjudicate the appeal de novo.'" *Ibid.* (quoting *Dillon, supra* ). The Court stated pointedly: *"[I]t is the Court's order remanding the claim,* and consequently the language of the joint motion, *upon which an evaluation of the basis for the remand must focus." Stephens,* 12 Vet.App. at 118–119 (emphasis added) (citing *Dillon, supra,* and *Olney v. Brown,* 7 Vet.App. 160, 162–63 (1994)).

Most recently, in *Jackson v. West,* this Court granted EAJA fees based on specific directions in the Court's remand order "that the Board provide for a new medical examination" on remand. *Jackson,* 12 Vet. App. 422, 429 (1999). The Court held that this express directive by the Court had "constituted an additional ground for remand" and as such "further constituted 'relevant, determinative circumstances', over and above the *Karnas* [*v. Derwinski,* 1 Vet.App. 308 (1991), change-of-law] grounds, governing the Court's remand of the case". *Jackson,* 12 Vet.App. at 428 (citing *Stephens supra* ).

### C.  Analysis Without Regard to Precedent

Not only do I believe that the result in *Jacobsen* is contrary to precedent, but I believe it is wrong. I see no difference between a BVA error confessed by the Secretary and confirmed by the Court *at the later, EAJA stage* and one asserted

by the appellant but *not* confessed by the Secretary earlier but found by the Court *later.* Both involve the after-the-fact *verboten* retrying of the merits of the case by the Court. In *Jacobsen,* the Court had a chance to premise its remand on the Secretary's concession/confession, and it chose not to do so. *See Jacobsen v. West,* No. 97–309, 1998 WL 778782, at *1 (Vet.App. Oct. 22, 1998). *That should be the end of the inquiry.* If the Court did not indicate in some fashion at the time of the remand that the remand was ordered on the basis of such an error (no matter how clear it is), the law is that the appellant does not get EAJA fees because he did not prevail on any issue other than one on which the Secretary was substantially justified.

That brings me to still another reason why the appellant is not entitled to EAJA fees here on the basis of a matter as to which he did *not* prevail. Had the Court during the merits litigation agreed with the Secretary that the Board had violated *Colvin v. Derwinski,* by not reopening the claim and reviewing the merits,—because, as a matter of law, on de novo review, there was new and material evidence under 38 U.S.C. § 5108—the remedy that the Court would have ordered would have been reversal as to that threshold question, *see Suozzi v. Brown,* 10 Vet.App. 307, 311 (1997); *Colvin,* 1 Vet.App. 171, 172, 175 (1991), with a direction to review "the former disposition of the appeal", that is, to review all of the evidence, new and old, and decide the merits under section 5108. *Suozzi* and *Colvin,* both *supra; see also Evans (Samuel) v. Brown,* 9 Vet.App. 273, 283 (1996) (citing *Jones (McArthur) v. Derwinski,* 1 Vet.App. 210 (1991) (where the Court remanded to the Board for a merits adjudication)). In *Jacobsen,* however, the Court's granting of the remand pursuant to *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998),[2] returned the case to the

---

**2.** The opinion of the Federal Circuit in *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998), invalidated the criteria set forth by this Court in

*Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991), and its progeny for determining the materiality of evidence submitted to reopen

Board to make a new determination on whether there was new and material evidence to reopen and only if the Board decides that there was will the Board address the merits of the case. *See Jacobsen,* 1998 WL 778782, at *1.

Moreover, ironically, the process that the panel order is promoting here licenses the very behavior by the Court, that is, "piecemeal litigation", for which this Court has repeatedly chastised the parties before it, when they seem to advocate that course.[3] Furthermore, this second crack at the merits that the Court is giving itself permits the Court to establish biding precedent (here that certain Board determinations violated *Colvin* and its progeny and that, even after the *Hodge* decision, remands for such *Colvin* violations are in order) where the Secretary is not afforded a full and fair opportunity to litigate such precedent as part of the merits litigation and where appeal to the Federal Circuit and Supreme Court may be restricted by the practice, deeply imbedded in federal

caselaw,[4] of deferring to the exercise of trial court discretion in deciding EAJA applications.

The Court's *Jacobsen* order reads as though the Court wants to award fees here regardless of the controlling precedent of this Court, and is doing so without precedent from any court to support the relitigation of the merits at the EAJA stage. Logically, under the approach taken by the Court in *Jacobsen,* in every EAJA case where the case was remanded solely on a change-of-law basis it will be incumbent upon the Court to determine if there was another basis for a remand even though the Court did not mention it at the time of the remand. For example, in a case involving a BVA decision not to reopen a previously and finally disallowed claim where that issue was remanded, as was *Jacobsen,* under *Hodge, supra,* the Court will need to decide at the EAJA stage whether the Board had erred in deciding not to reopen under pre-*Hodge* law.

I obviously do not favor any such relitigation, but, despite Judge Kramer's valiant effort in his "concurring" opinion to

under 38 U.S.C. § 5108 a previously and finally disallowed claim, and found that VA's regulation on reopening, 38 C.F.R. § 3.156(a) (1998), was a "reasonable interpretation" of the materiality requirement in that statute. *See also, generally, Elkins v. West,* 12 Vet.App. 209 (1999) (en banc) (vacating BVA decision that had applied *Colvin* and remanding for consideration of whether new and material evidence, as defined by § 3.156(a), had been presented to reopen claim). .

3. *See, e.g., Lynch v. West,* 12 Vet.App. 293, 294 (1999) (per curiam order) (discussing and citing this Court's extensive caselaw "repeatedly discourag[ing] appellant's from raising arguments to this Court ... that were not argued in the appellant's initial brief"); *Ashley v. Derwinski,* 2 Vet.App. 307, 310 (1992) (noting that "[t]his Court and, indeed, all courts do not countenance piecemeal or sequential litigation").

4. *See, e.g., Ramcor Services Group, Inc. v. United States,* 185 F.3d 1286, 1288, 1290 (Fed.Cir.1999) (Federal Circuit holding that "trial judge enjoys considerable discretion to

determine eligibility for an EAJA award" and that thus "[a]bsent a serious error in judgment, [Federal Circuit] will not re-weigh the factors considered by the trial court"); *Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999) (Federal Circuit holding that it did not have jurisdiction to hear application-of-law-to-facts claim that this Court erred in holding that Secretary's litigation position was substantially justified for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)), *aff'g on other grounds* 11 Vet.App. 178 (Vet.App.1998); *Stillwell v. Brown,* 46 F.3d 1111, 1113 (Fed. Cir.1995) (Federal Circuit holding that it lacked jurisdiction to hear appeal of this Court's determination that Secretary's position was substantially justified because such an inquiry is "'quintessentially discretionary'", necessarily involving determination of facts and application of law to facts (quoting *Chiu, infra,* 948 F.2d at 715 n. 4)); *Chiu v. United States,* 948 F.2d 711, 713 (Fed.Cir. 1991) (Federal Circuit holding that trial court's determination of award of EAJA fees and amount thereof are discretionary and that those determinations are reviewed for abuse of discretion).

**40**

cabin the Court's action as "a narrow exception to [the] general rule" established by "our caselaw ... uniformly ... that, in determining whether the Secretary's administrative position was substantially justified, the Court will not readjudicate the appeal de novo, but rather, in making such a determination, the Court will focus on the language of the Court's remand order and, if applicable, the language of a joint motion for remand", *Jacobsen,* 12 Vet.App. at 548, order at 3 (Kramer, J., concurring) (citing *Jackson, Stephens,* and *Dillon,* all *supra*), there is no *rational* basis for so limiting the approach taken by the Court in *Jacobsen.* It is thus predictable that attorneys seeking EAJA fees in cases remanded solely due to a change in applicable law will now, in reliance on *Jacobsen,* attempt to involve the Court in retrospective reviews of the merits of their cases in order to find an error (at least one that they had asserted during the merits litigation) in the administrative proceedings that would have justified a remand but that the Court did not chose to address when it ordered a remand.

### D. Conclusion

The Court is heading down the proverbial slippery slope and will regret this excursion unless the U.S. Court of Appeals for the Federal Circuit rescues the Court from its irrational digression.