FARLEY, Judge,
with whom IVERS, Judge, joins, concurring:
The Court today resolves EAJA issues in the context of a settlement agreement entered into by the parties. In the course of the proceedings, the Secretary suggested that the Court follow the practice in settlements that it had adopted with respect to EAJA issues in the context of remands, i.e., that we consider only the limited record before the Court. Although it was not accepted, the Secretary’s argument did prompt my review of our caselaw regarding EAJA applications in cases that have been remanded. This review, in turn, led to the conclusion that a course correction is required because the Court *245 has inexplicably and erroneously drifted away from the substantial justification mooring initially set by Stillwell v. Brown, 6 Vet.App. 291, 301-04 (1994).
I. The Mooring: Stillwell and the “Totality of the Circumstances”
Test
In Stillwell, this Court established the following standard to determine whether the position of the Secretary was substantially justified:
[T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.
6 Vet.App. at 302. “[Rjeasonableness is determined by the totality of circumstances, and not by any single-factor approach.” Id.
This Court’s “totality” test is consistent with the Supreme Court’s decision in Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), which specifically refused to limit the factors which a court can consider in making a substantial justification determination:
We reach, at last, the merits of whether the District Court abused its discretion in finding that the Government’s position was not “substantially justified.” Both parties argue that for purposes of this inquiry courts should rely on “objective indicia” such as the terms of a settlement agreement, the stage in the proceedings at which the merits were decided, and the views of other courts on the merits. This, they suggest, can avoid the time-consuming and possibly inexact process of assessing the strength of the Government’s position. While we do not disagree that objective indicia can be relevant, we do not think they provide a conclusive answer, m either direction, for the present case.
Respondents contend that the lack of substantial justification for the Government’s position was demonstrated by its willingness to settle the litigation on unfavorable terms. Other factors, however, might explain the settlement equally well — for example, a change in substantive policy instituted by a new administration. The unfavorable terms of a settlement agreement, without inquiry into the reasons for settlement, cannot conclusively establish the weakness of the Government’s position. To hold otherwise would not only distort the truth but penalize and thereby discourage useful settlements.
487 U.S. at 568, 108 S.Ct. 2541.
II. The Drift from “Totality of the Circumstances”
One of the first examples of our “drift” was a decision I wrote, Olney v. Brown, 7 Vet.App. 160 (1994), in which the Court held that the Secretary’s position at the administrative level was substantially justified because it was consistent with then current law. The Court refused to consider the appellant’s argument that the Secretary’s position at the administrative level was not substantially justified because of other alleged separate and distinct errors in the Board’s decision. The Court stated that, although one of these arguments was perhaps “of interest,” its consideration would be premature in that it could be properly raised and resolved on the merits upon remand and it “played little, if any role in the remand”. With regard to the second argument, we deemed the appellant to be “raising a smokescreen to cover the fact that this matter was remanded at the request of the parties due to the intervening decision in Thurber [v. Brown, 5 Vet.App. 119 (1993)].” 7 Vet.App. at 163. Although the actual holding does invoke the “totality of the circumstances” standard of Stilhvell, with 20/20 hindsight it becomes apparent that the drift toward the deter *246 mination of substantial justification by reference solely to the basis for the remand had begun. See also Carpenito v. Brown, 7 Vet.App. 534 (1995) (same author, same result: citing Olney, Court refused to consider alleged errors in the BVA’s decision not identified in the parties’ joint motion for remand).
In Dillon v. Brown, the speed of the drift from “totality” increased. 8 Vet.App. 165 (1995). There, because the appellant’s, fee application contained allegations of errors which were not listed in the joint motion, the Court classified this as an attempt to “have the Court reach back and, in essence, readjudicate the appeal de novo.” 8 Vet.App. at 168. The Court noted that “the Supreme Court has admonished [that] ‘[a] request for attorney’s fees should not result in a second major litigation.’” Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Declining “the appellant’s invitation to conduct such a ‘second major litigation,’ ” the Court held:
The fact that the Court’s remand order cited only the Austin [v. Brown, 6 Vet.App. 547 (1994)] error and did not address any other allegations of error establishes that the Austin error alone was “the catalyst for the remand.” Olney [, 7 Vet.App. at 162], Thus, those arguments were not “relevant, determinative circumstances” that would shed light on the reasonableness of the Secretary’s administrative position. See Bowyer [v. Brown, 7 Vet.App. 549 (1995)]; Carpenito, supra.
Dillon, 8 Vet.App. at 168; see also Locher v. Brown, 9 Vet.App. 535 (1996).
More recently, in Rhodan v. West, the Court again refused to consider arguments not included in the joint motions filed in two consolidated cases but this time went so far as to deem such arguments “irrelevant” to a substantial justification determination. 12 Vet.App. 55, 58 (1998). The Court held that “because the Court remanded [Rhodan’s] claim based solely upon the reason that the PTSD regulations had changed [the reason cited in the joint motion for remand], it is irrelevant whether the Secretary’s position on those other issues was substantially justified.” Rhodan, 12 Vet.App. at 58 (emphasis added); see also Stephens v. West, 12 Vet.App. 115 (1999).
Shortly thereafter, in Jackson v. West, 12 Vet.App. 422, 427 (1999), we held that “it is the Court’s order remanding the claim, and consequently the language of the joint motion, upon which an evaluation of the basis for the remand must focus.” 12 Vet.App. at 427 (emphasis added). Additionally, we stated that where there is a Court remand but no joint motion, “in order to determine ‘reasonableness’ under the ‘totality of the circumstances’, [the Court] must focus on the Court’s remand order and the language of the underlying pleadings, including any remand motions or requests submitted.” Id. (emphasis added).
To determine whether the Secretary has demonstrated that his position was “reasonable” during the administrative and litigation stages, the Court looks, respectively, to the “ ‘relevant, determinative circumstances’ and to the ‘circumstances surrounding the resolution of the dispute.’” Stephens [, 12 Vet.App. at 118] (quoting and citing Dillon [, 8 Vet.App. at 167-68], Bowyer [, 7 Vet.App. at 552-53], and Carpenito [, 7 Vet.App. at 536-37]).
Jackson, 12 Vet.App. at 426. Although Jackson’s repetition of the word “focus” would not appear to preclude consideration of other factors as seemingly mandated by the “totality of the circumstances” test of Stilliuell, additional language appears to have shut that door and limited our review to such material:
When the Court’s remand order provides only one basis for remand and does “not address any other allegations of error”, the appellant’s additional allegations of BVA error cannot be considered to be “ ‘relevant determinative circumstances’ that would shed light on the *247 reasonableness of the Secretary’s ... position”, ... but, rather, constitute an impermissible attempt to conduct a “second major litigation” of the merits.
Id. (citations omitted) (emphasis added); see also, e.g., Wisner v. West, 12 Vet.App. 330, 333 (1999) (“It is clear from the Court’s October 2,1998, remand order that the Court relied solely upon the Hodge [v. West, 155 F.3d 1356, 1361-64 (Fed.Cir.1998)] issue. Thus, the Board’s not applying those regulations is irrelevant for EAJA ‘substantial justification’ purposes because that failure was in no way a basis for the Court’s remand of the case.... Accordingly, the Court cannot find that the Secretary’s position at the administrative level in these cases was not substantially justified.”).
Thus, we have developed a body of ease law holding that, at least in the instance of a remand upon a joint motion, the Court will determine whether the Secretary’s position was substantially justified only by considering arguments and issues expressly addressed by the parties in their joint submission and/or in the remand order of the Court. A number of our decisions have cited the need to avoid “a second major litigation” as justification for our refusal to consider additional allegations of error and to go beyond the reason for remand, the joint submissions of the parties, and the remand order. See, e.g., Dillon and Jackson both supra. The avoidance of “a second major litigation” in an EAJA context originated in the Supreme Court’s opinion in Hensley, supra; however, to the extent that rubric is proffered as prior or post hoc justification for this limitation, it will not bear that weight. As Chief Judge Nebeker amply demonstrated in his concurring opinion in Jacobsen v. West: “[T]he avoidance of a ‘second major litigation’ is desirable when the level of hourly fees is the question, but is merely one factor to be considered, and is overridden by the duty of the adjudicative body that determines the fee to do what is ‘reasonable.’” Jacobsen, 13 Vet.App. 35, 36 (1999) (Nebeker, C.J., concurring). In fact, the second major litigation being studiously avoided in Hensley was not the threshold determination of entitlement but the contentious wrangling over the amount of hours and the dollar amount per hour to be awarded. Although the Supreme Court reiterated its “view that a ‘request for attorney’s fees should not result in a second major litigation’” in Pierce (487 U.S. at 562-62, 108 S.Ct. 2541 (quoting Hensley, supra )), it did so in the context of adopting the “abuse of discretion” standard of review for a district court’s determination whether EAJA fees should be awarded. The Supreme Court did not lower or remove the obligation of the court responsible for making the threshold substantial justification determination.
III. The Need to Re-Anchor our Jurisprudence
Notwithstanding the Supreme Court’s guidance and our decision in Stillwell, we have avoided our duty to make a determination as to substantial justification based upon the “totality of the circumstances” in EAJA determinations where the substantive claims have been remanded. We have inexplicably concluded that the product of the parties’ negotiations during the litigation phase of the claim, e.g., a joint motion for remand, is not only relevant to the justification of the Secretary’s position at the administrative stage, but determinative. If the Secretary’s position was justified with respect to that issue, we will deign to look no further. Such a decisional template certainly has its advantages in terms' of requiring less judicial resources, but it is inconsistent with Stillwell and Pierce, and support is not readily apparent in existing statutes or jurisprudence from the Supreme Court or the Federal Circuit. Although such joint motions and remand orders certainly can provide guidance to the Court in making “substantial justification” determinations, there is simply no support for the proposition that the analysis must end there. In fact, it is clear from the Supreme Court’s opinion in *248 Pierce, swpra, that the analysis should not and cannot end there. Since the case before us today was settled, not remanded, this is not the case to re-anchor our EAJA remand jurisprudence. However, it has become clear to me that our drift with respect to substantial justification determinations in remanded claims must be corrected in a future case.