ORDER
 

 PER CURIAM.
 

 The appellee seeks, under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp. V 1981) (the Act), attorney’s fees and other expenses incurred in an appeal from a judgment of the United States Claims Court in an income tax refund suit in which it prevailed. The principal issue on the appeal was whether advances the appellee made to its wholly owned subsidiary were loans or equity investments. The United States Claims Court held that they were loans and that the appellee therefore was entitled to a bad-debt deduction on the loss it incurred when it subsequently liquidated the subsidiary. We affirmed.
 
 Electronic Modules Corp. v. United States,
 
 695 F.2d 1367 (C.A.Fed.1982).
 

 The Act provides for the awarding of attorney’s fees against the United States in circumstances here met “unless the court finds that the position of the United States was substantially justified.” 28 U.S.C. § 2412(d)(1)(A). The “position of the United States” is the position it took in the judicial proceedings in which the attorney’s fees were incurred.
 
 Broad Avenue Laundry & Tailoring v. United States,
 
 693 F.2d 1387 (Fed.Cir.1982). In this case the appellee seeks attorney’s fees covering only the government’s unsuccessful appeal from the decision of the Claims Court. The inquiry under the Act therefore is whether the government was substantially justified in taking the appeal.
 

 We find that the government was substantially justified.
 

 The appellee points out that although the court held that the determination whether particular advances were debt or equity turned largely upon the facts of the ease, the government’s appeal did not challenge any of the Claims Court’s factual findings which formed the basis for that court’s determination that the advances were loans. That fact, however, does not establish that the government’s position was not substantially justified. The government’s principal argument was that the Claims Court failed to consider a major factor in determining the debt-or-equity issue or that, if it considered the factor, it failed to give the factor sufficient weight. Although we rejected the argument, the government acted reasonably in making it.
 
 See Broad Avenue, supra; Gava v. United States,
 
 699 F.2d 1367 (C.A.Fed.1983). As our opinion in the present case indicated, the decision of that point was a close question.
 

 The appellee argues that at an earlier stage of this case the government acted improperly when (1) after first stipulating the facts, it opposed the appellee’s motion for summary judgment on the ground that there was a disputed issue of fact concerning the value of the assets the appellee received on the liquidation of its subsidiary, and (2) it did not introduce evidence on that issue after the Court of Claims denied the motion and remanded the case for trial. The appellee argues that had the government not raised the alleged factual issues before the Court of Claims, that court would have decided the case in 1979 on the motions for summary judgment; and that in that event, there would have been no need for the appeal in which the attorney’s fees the appellee seeks were incurred.
 

 Since the attorney’s fees are sought only for the appeal, the question is whether the
 
 *220
 
 government’s position in that appeal, and not its position at an earlier stage of the litigation, was substantially justified. In any event, the government acted reasonably in raising the valuation issue at the summary judgment stage. Although the Claims Court rejected the valuation claim, that fact does not establish that the government was unjustified in asserting and litigating it.
 
 Broad Avenue,
 
 698 F.2d at 1391-92.
 

 The appellee’s application for attorney’s fees and other expenses under the Equal Access to Justice Act is
 

 DENIED.