**James DOTY and Susan Doty, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant/Cross–Appellant.**

Nos. 94–5013, 94–5014.

United States Court of Appeals, Federal Circuit.

Nov. 30, 1995.

James R. Anderson, Marshall, Minnesota, filed plaintiffs-appellants' motion to allow filing a reply brief to the brief of defendant/cross-appellant challenging plaintiff-appellants' application for attorney fees and expenses pursuant to the Equal Access To Justice Act.

John C. Erickson, III, Commercial Litigation Branch, Department of Justice, Washington, DC, filed United States' motion to suspend consideration of the application for attorney fees, or, alternatively, United States' motion for an enlargement of time to respond to the application for attorney fees. With him on the motion was Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Terrence G. Jackson, Attorney, Office of the General Counsel, Department of Agriculture, Washington, DC. Of counsel was Jeffrey Knishkowy, Office of the General Counsel, Department of Agriculture, Washington, DC.

Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

NEWMAN, Circuit Judge.

This request for attorney fees and expenses flows from the decision reported at *Doty v. United States*, 53 F.3d 1244 (Fed.Cir. 1995), and is filed pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The government opposes the petition.

### The "Position" Applicable to Attorney Fees

■ The EAJA provides for the award of attorney fees to a prevailing party other than the United States, unless the government's position was substantially justified. Section 2412(d)(1)(A) of Title 28 states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

position of the United States was substantially justified or that special circumstances make an award unjust.

Eligibility for attorney fees requires (1) that the claimant prevailed in the action, (2) that the government's position was not substantially justified, (3) that the award of attorney fees is not unjust, and (4) that the fee application is timely filed and supported by an itemized statement. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990).

■ When a party has prevailed in litigation against the government, the government bears the burden of establishing that its position was substantially justified. *Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1465–66 (Fed.Cir.1986) (*en banc*) (quoting legislative history, which states that "it is particularly appropriate to place the burden on the government to prove the reasonableness of its actions"); *Bailey v. United States*, 721 F.2d 357, 359 (Fed.Cir.1983); *Ellis v. United States*, 711 F.2d 1571, 1575 (Fed.Cir.1983); *Sotelo–Aquije v. Slattery*, 62 F.3d 54, 57 (2d Cir.1995); *Cooper v. United States R.R. Retirement Bd.*, 24 F.3d 1414, 1416 (D.C.Cir.1994).

■ The government states that when a petitioner seeks attorney fees for an appeal, "[t]he sole issue before the Court is whether the position of the United States regarding the issues presented *in the appeals in this Court* was substantially justified." Government's Brief at 5 (emphasis in original). As authority the government cites *Devine v. Sutermeister*, 733 F.2d 892, 896 (Fed.Cir.1984); *Electronic Modules Corp. v. United States*, 702 F.2d 218 (Fed.Cir.1983); and *Tyler Business Servs., Inc. v. NLRB*, 695 F.2d 73 (4th Cir.1982). Pointing to these cases, the government argues that its litigating position on this appeal was substantially justified. However, this position was rejected by Act of Congress ten years ago. Effective August 5, 1985, Congress acted to clarify the definition of "position of the United States" in the EAJA as follows:

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings;

Pub.L. 99–80, § 2(c)(2)(B), 99 Stat. 183, 185 (1985) (codified at 28 U.S.C. § 2412(d)(2)(D)). The following year the Federal Circuit revisited the attorney fee issue *en banc* and explained that, as clarified by the 1985 amendments to the EAJA, the term "position of the United States" refers to the government's position throughout the dispute, including not only its litigating position but also the agency's administrative position. *Gavette,* 808 F.2d at 1467 ("[I]t is now clear that the position of the United States includes the position taken by the agency at the administrative level.") The Supreme Court has also been explicit on this point:

The most telling answer to the Government's submission that it may assert a "substantial justification" defense at multiple stages of an action is the complete absence of any textual support for this position. Subsection (d)(1)(A) refers to an award of fees "in any civil action" without any reference to separate parts of the litigation, such as discovery requests, fees, or appeals. The reference to "the position of the United States" in the singular also suggests that the court need make only one finding about the justification of that position.

*Jean,* 496 U.S. at 158–59, 110 S.Ct. at 2319–20. Quoting the 1985 amendment to the EAJA, the Court rejected the rule that the government now presents:

The fact that the "position" is again denominated in the singular, although it may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions, buttresses the conclusion that only one threshold determination for the entire civil action is to be made.

496 U.S. at 159, 110 S.Ct. at 2319. There is extensive precedent to this effect, throughout the circuits. *See, e.g., Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994) ("EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified."); *Roanoke River Basin Assn. v. Hudson,* 991 F.2d 132, 138 (4th Cir.) ("Moreover, it is clear that Congress intended to address governmental misconduct whether that conduct preceded litigation, compelling a private party to take legal action, or occurred in the context of an ongoing case through prosecution or defense of unreasonable positions."), *cert. denied,* —— U.S. ——, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993); *Perales v. Casillas,* 950 F.2d 1066, 1073 (5th Cir.1992) ("[A] 'substantially justified' determination properly focuses on the governmental misconduct giving rise to the litigation, as well as on the government's litigation position.")

Federal Circuit precedent is fully in accord. *See, e.g., TGS Intern., Inc. v. United States,* 983 F.2d 229, 229–30 (Fed.Cir.1993) (the question is whether the government's position was substantially justified overall); *Chiu v. United States,* 948 F.2d 711, 715 (Fed.Cir.1991) ("The 1985 amendment clarified that, when assessing whether to award attorney fees incurred by a party who has successfully challenged a governmental action in a particular court, the entirety of the conduct of the government is to be viewed, including the action or inaction by the agency prior to litigation."); *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States,* 837 F.2d 465, 466 (Fed.Cir.1988) ("This court has defined 'substantially justified' to require 'that the government show that it was *clearly* reasonable in asserting its position, including its position at the agency level, in view of the law and the facts'") (citing *Gavette*).

We need not repeat the discussion in *Doty v. United States* of the lapses of due process, fundamental fairness, and failure to comply with the orders of the Court of Federal Claims. Although the government continues to argue that it should have prevailed on the merits of the appeal, the government has not met its burden under the EAJA. Nor does the government point to any special circumstances that might make the award of attorney fees unjust.

We conclude that Doty's entitlement to attorney fees and expenses has been established.

**Amount of Fees and Expenses**

Doty filed an itemized and documented request for $12,287.15 in attorney fees and expenses for the appeal to this court, stating that he has filed a petition for the balance of his fees and expenses with the Court of Federal Claims.

The attorney fees in the petition are calculated at the hourly rate of $95 per hour for 112.1 hours. The government does not contest the hourly rate or the number of hours expended, or the items of expense or their reasonableness. The EAJA sets a maximum rate of $75 per hour, subject to adjustment for increases in the cost of living and special factors. 28 U.S.C. § 2412(d)(2)(A). The cost of living adjustment is measured from October 1, 1981, the date of enactment of the EAJA, to the time the services were rendered. *Chiu,* 948 F.2d at 722. It is undisputed that the hourly rate charged by Doty's attorney does not exceed the maximum allowable rate.

Doty is awarded attorney fees and expenses in the amount of $12,287.15 for the appeal to this court. Payment shall be made within twenty days of the date of this decision.

*IT IS SO ORDERED.*