218 F.3d 1373 (Fed. Cir. 2000)
 JOHN T. BOWEY, Claimant-Appellant,
v.
TOGO D. WEST, JR., Secretary of Veterans Affairs, Respondent-Appellee.
Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.
 99-7151
 United States Court of Appeals for the Federal Circuit
 DECIDED: July 13, 2000
 
 Appealed from: United States Court of Appeals for Veterans Claims Judge Ronald M. HoldawayKenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.
 Gregory T. Jaeger, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; Kirk T. Manhardt, Assistant Director; and Agnes M. Brown, Attorney. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.
 Before LOURIE, CLEVENGER, and LINN, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Appellant, John T. Bowey, seeks review of a decision of the United States Court of Appeals for Veterans Claims, denying his application for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). The EAJA allows a prevailing party in a suit against the United States to recover attorney's fees, unless the position of the government was substantially justified. See 28 U.S.C. § 2412(d) (1994). On appeal, Bowey asserts that the Court of Appeals for Veterans Claims misinterpreted 28 U.S.C. § 2412(d) in concluding that the government's position was substantially justified in light of a decision that was handed down after the government adopted its legal position. Because we agree that a determination of substantial justification must be based on the record that existed at the time the government adopted its legal position, we vacate the Court of Appeals for Veterans Claims' decision and remand this case for further proceedings.
 
 
 2
 * Bowey served on active duty from February 1944 to May 1946 and July 1946 to July 1948. In 1992, Bowey filed a claim for service connection for rectal cancer, which he claimed was caused by in-service exposure to ionizing radiation during the occupation of Nagasaki, Japan. Bowey's claim was denied by the Board of Veterans' Appeals ("Board") in 1996. See In re Bowey, No. C-12-016-705, slip op. at 6 (1996). In its opinion, the Board properly noted that claims based on ionizing radiation are governed by 38 U.S.C. § 1112(c) (1994) and 38 C.F.R. § 3.311. However, the Board did not consider, in its analysis, all of the six factors identified in 38 C.F.R. § 3.311(e) as "[f]actors to be considered in determining whether a veteran's disease resulted from exposure to ionizing radiation."
 
 
 3
 Bowey appealed the Board's decision to the Court of Appeals for Veterans Claims, arguing that the Board erred as a matter of law by failing to consider all six of the section 3.311(e) factors. While Bowey's appeal was pending, the Court of Appeals for Veterans Claims decided Hilkert v. West, which held that the Board was required by law to consider all of the section 3.311(e) factors in adjudicating a veteran's claim for service connection based on exposure to ionizing radiation. See 11 Vet. App. 284, 296 (1998) ("Hilkert I"). In light of Hilkert I, the parties moved for a joint remand to allow the Board to consider all of the factors identified in 38 C.F.R. § 3.311(e).
 
 
 4
 On August 13, 1998, Bowey filed an application for EAJA fees with the Court of Appeals for Veterans Claims, claiming that the government's position was not substantially justified in light of Hilkert I because the Board had failed to consider all six factors contained in 38 C.F.R. § 3.311(e). While Bowey's EAJA application was pending, the Court of Appeals for Veterans Claims withdrew the Hilkert I opinion and issued an en banc decision, holding that the Board was not required to discuss all of the factors in 38 C.F.R. § 3.311(e) if one or more of the factors were found to be dispositive. See Hilkert v. West, 12 Vet. App. 145, 150 (1999) (en banc) ("Hilkert II").
 
 
 5
 Subsequently, the Court of Appeals for Veterans Claims denied Bowey's application for EAJA fees, see Bowey v. West, No. 97-303, 1999 WL 399661, at *1 (1999), concluding that the government's position was substantially justified. In reaching this conclusion, the Court of Appeals for Veterans Claims noted that, "[a]lthough the Secretary conceded to a remand, this action was gratuitous in light of the subsequent reversal of the original panel opinion in Hilkert by the Court sitting en banc." Id. Thus, the Court of Appeals for Veterans Claims expressly relied on Hilkert II in concluding that the government's position in this case was substantially justified for the purpose of denying EAJA fees.
 
 
 6
 On appeal, Bowey asserts that the Court of Appeals for Veterans Claims misinterpreted 28 U.S.C. § 2412(d) by relying on Hilkert II in its EAJA analysis. We agree.
 
 II
 
 7
 Our review of a decision of the Court of Appeals for Veterans Claims is limited. We have exclusive jurisdiction to review "the validity of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Court of Appeals for Veterans Claims] in making [its] decision." 38 U.S.C. § 7292(a) (1994). We may set aside a regulation or an interpretation of a regulation relied upon by the Court of Appeals for Veterans Claims only when we find it to be: arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. See 38 U.S.C. § 7292(d)(1) (1994). Except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. See 38 U.S.C. § 7292(d)(2) (1994).
 
 
 8
 The government asserts that we lack jurisdiction over this appeal because Bowey challenges nothing more than the application of law, i.e., the EAJA statute, to the facts of his particular case. We disagree with this assertion. In particular, we note that Bowey has raised a question of law--the proper interpretation of 28 U.S.C. § 2412(d)--and that this question of law determined the outcome of the Court of Appeals for Veterans Claims' EAJA analysis. Because we are authorized to review the interpretation of any statute or regulation "that was relied on by the [Court of Appeals for Veterans Claims] in making the decision," 38 U.S.C. § 7292(a), we have jurisdiction over this appeal.
 
 
 9
 Statutory interpretation is a question of law, which we review without deference. See Medline Indus., Inc. v. United States, 62 F.3d 1407, 1409 (Fed. Cir. 1995).
 
 III
 
 10
 The relevant portions of 28 U.S.C. § 2412(d)(1)(A) require that:
 
 
 11
 a court shall award to a prevailing party . . . expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 12
 (emphasis added). Section 2412(d)(1)(B) provides the following additional guidance:
 
 
 13
 Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
 
 
 14
 28 U.S.C. § 2412(d)(1)(B) (emphasis added).
 
 
 15
 Section 2412(d)(1)(B) clearly instructs that substantial justification shall be determined on the basis of "the record." However, it is not immediately clear from the statute what constitutes "the record." According to Bowey, the record, for purposes of determining EAJA fees, is the record that was in existence at the time the government adopted and maintained its legal position. Thus, Bowey argues that the Court of Appeals for Veterans Claims erred by not limiting its substantial justification analysis to the time period between the Board's decision and the Court of Appeals for Veterans Claims' remand. According to Bowey, it was during this period that the government adopted and maintained its legal position, i.e., that the Board need not address all the factors contained in 38 C.F.R. § 3.311(e).
 
 
 16
 The government argues that the determination of whether the government's position was substantially justified should be based on the "totality of the circumstances," which includes the entire record of the case and the prevailing case law up until the decision concerning EAJA fees is made. Thus, the government argues that the Court of Appeals for Veterans Claims did not err in considering the en banc decision in Hilkert II because that decision was handed down prior to the Court of Appeals for Veterans Claims' EAJA determination and was, therefore, part of "the record." However, we disagree with the government's interpretation of "the record," as that term is used in 28 U.S.C. § 2412(d)(1)(B), because it conflicts with prior precedents of this court.
 
 
 17
 In Owen v. United States, 861 F.2d 1273, 1274 (Fed. Cir. 1988) (en banc) (order), we held that a decision of this court, handed down after the government adopted its litigation position, did not affect our assessment of whether the government's position was substantially justified. The merits of Owen involved a takings claim against the government. At trial, the government adopted a litigation position regarding the proper scope of a navigational servitude. The United States Claims Court,[1] noting that the government's position was supported by Pitman v. United States, 457 F.2d 975 (Ct. Cl. 1972) and Ballam v. United States, 806 F.2d 1017 (Fed. Cir. 1986), entered judgment for the government. On appeal, this court, sitting en banc, reversed the decision of the Claims Court and specifically overruled Pitman and Ballam as contrary to Supreme Court precedent. See Owen v. United States, 851 F.2d 1404, 1416 (Fed. Cir. 1988) (en banc). Having thus prevailed on appeal, the landowner in Owen filed a claim for EAJA fees, arguing that the government's position had not been substantially justified in light of our reversal of Pitman and Ballam. The government responded that, since it had properly relied on controlling precedent at the time it opposed the landowner's claim at trial, its litigation position was substantially justified at that time. Sitting en banc, we agreed with the government that its reliance on Pitman and Ballam was sufficient to defeat the appellant's claim for EAJA fees, notwithstanding the fact that those cases were subsequently overruled. See Owen, 861 F.2d at 1274.
 
 
 18
 Our holding in Owen stands for the proposition that substantial justification is measured, not against the case law existing at the time the EAJA motion is decided, but rather, against the case law that was prevailing at the time the government adopted its position. Indeed, that has been the consistent rule of this court and other federal courts since shortly after the EAJA was enacted in 1980. See, e.g., Devine v. Sutermeister, 733 F.2d 892, 895 (Fed. Cir. 1984) ("[T]he justification for the government's litigating position must be measured against the law as it existed at the time of the appeal, and not against the new law enunciated by the court in its opinion."), superseded on other grounds by statute as stated in Doty v. United States, 21 F.3d 384, 385 (Fed. Cir. 1998);Kay Mfg. Co. v. United States, 699 F.2d 1376, 1379 (Fed. Cir. 1983) ("Justification for the government's position at trial and on appeal must be measured against the law as it existed when the government was litigating the case . . ."); Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1392 (Fed. Cir. 1982) (holding that the government's position was substantially justified "[o]n the basis of the law as it stood after the Board decision."). Accord Hendricks v. Bowen, 847 F.2d 1255, 1257 (7th Cir. 1988) (holding that the government's position was substantially justified, even though supporting cases were later overturned.); Whiting v. Bowen, 671 F. Supp. 1219, 1225 (W.D. Wis. 1987) ("[C]ourts [are] compelled to go back to the record as it existed prior to remand to decide the issue of 'substantial justification.'"); Bergen Hudson Roofing Co. v. United States, 13 C.I.T. 1077, 1078 (1989) ("[T]he court is to look at the law in existence at the time of the litigation . . .").
 
 
 19
 Having concluded that 28 U.S.C. § 2412(d)(1) requires a court to look to the record that existed when the government adopted its litigation position, we must now determine how that rule operates. On appeal, Bowey argues that the proper time frame for evaluating the government's position begins with the Board's rejection of Bowey's claim and continues through the Court of Appeals for Veterans Claims' remand. In other words, according to Bowey, the Court of Appeals for Veterans Claims' decision inHilkert I should be considered part of "the record" for EAJA purposes. We disagree.
 
 
 20
 The Board denied Bowey's claim for service connection on November 12, 1996. Bowey filed a Notice of Appeal on February 20, 1997 and a brief on May 30, 1998. It was not until July 16, 1998--more than a year after the Board's decision--that the Court of Appeals for Veterans Claims handed down its decision in Hilkert I. Thus, Hilkert I was not part of the prevailing case law at the time the Board denied Bowey's claim for service connection, nor was it part of the case law when the government elected--albeit tacitly--to challenge Bowey's appeal to the Court of Appeals for Veterans Claims by failing to immediately move for a joint remand. Indeed, after Hilkert I was decided, the government was very quick to agree to a joint remand, a position that can hardly be called unjustified. Accordingly, we reject Bowey's argument that Hilkert I should be considered part of the record for EAJA purposes.
 
 
 21
 On the other hand, we must also reject the government's alternative argument that we may affirm the decision of the Court of Appeals for Veterans Claims on the ground that the government's position was substantially justified under pre-Hilkert I case law. Although we have concluded that neither Hilkert I nor Hilkert II is relevant to the question of substantial justification in this case, we cannot simply affirm the Court of Appeals for Veterans Claims' denial of EAJA fees on that ground. Whether the government's position was substantially justified is a "quintessentially discretionary" inquiry, Chiu v. United States, 948 F.2d 711, 715 n. 4 (Fed. Cir. 1991), that "necessarily involves the determination of facts and the application of the substantially justified standard of the EAJA to those facts." Stillwell v. Brown, 46 F.3d 1111, 1113 (Fed. Cir. 1995). In short, determining substantial justification requires the application of law to facts. Since such inquiries are specifically excluded from our jurisdictional grant, see 38 U.S.C. § 7292(d)(2), we must remand this case to allow the Court of Appeals for Veterans Claims to decide whether the government's position was, in fact, substantially justified at the time it was adopted, based on the record at that time.
 
 CONCLUSION
 
 22
 For the reasons set forth above, we vacate the decision of the Court of Appeals for Veterans Claims and remand for further proceedings not inconsistent with this opinion.
 
 COSTS
 
 23
 No costs.
 
 VACATE AND REMAND
 
 
 NOTES:
 
 
 [1]
 The name of the United States Claims Court was changed in 1992 to the United States Court of Federal Claims.