**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 98-269

CHARLES E. VAUGHN, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, HOLDAWAY, and STEINBERG, *Judges*.

**O R D E R**

On August 3, 1999, the appellant filed an application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The Secretary filed an opposition to that application, and the appellant filed a reply to that opposition and a supplemental EAJA application. On July 18, 2000, the Court issued a per curiam order denying the EAJA application and the supplemental EAJA application.

On July 31, 2000, the appellant timely filed a motion for reconsideration of that order. Because the Court finds merit in the appellant's motion for reconsideration in light of misstatements in the Court's July 18, 2000, order, the appellant's motion for reconsideration will be granted and the July 18, 2000, order will be withdrawn and this reconsideration decision will be substituted therefor, although the outcome will remain the same.

On February 10, 1998, the appellant, Vietnam veteran Charles E. Vaughn appealed through counsel a December 9, 1997, decision of the Board of Veterans' Appeals (BVA or Board) that denied as not well grounded his claim for Department of Veterans Affairs (VA) service connection for a skin disorder due to in-service exposure to Agent Orange (AO). Record (R.) at 6. On September 16, 1998, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued its opinion in *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), which invalidated one of this Court's criteria for determining materiality for purposes of reopening previously disallowed claims; the disapproved criterion was that in order for "new" evidence to be determined material, "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome", *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). *See Anglin v. West*, 203 F.3d 1343, 1345-46 (Fed. Cir. 2000) (*Hodge* invalidated only "reasonable possibility of outcome change" criterion and not "probative" criterion). The Federal Circuit held that VA's regulation on reopening, 38 C.F.R. § 3.156(a), was a "reasonable interpretation" of the materiality requirement in 38 U.S.C. § 5108 (requiring disallowed claims to be reopened upon the presentment or securing of new and material evidence) and governed decisions on claims to reopen. *Hodge*, 155 F.3d at 1362.

On May 11, 1999, the Court vacated the December 1997 BVA decision and remanded the service-connection matter for readjudication in accordance with *Hodge*, *supra*. The Court held:

> In his brief, the Secretary responds to the Court's order and argues that this claim is an original claim and not a claim to reopen and, therefore, that "*Hodge* is not relevant". Brief (Br.) at 9-10. The appellant counters in his reply that "[a]lthough in this most recent . . . claim of April of 1996, appellant alleged, for the first time, exposure to [AO] as a cause of the skin disorder, this new theory of causation does not change the claim's legal character to an original claim". Reply at 3 (citing *Bielby v. Brown*, 7 Vet.App. 260, 264-65 (1994)).

> The Court agrees with the appellant. *See Bielby*, *supra* (considering medical treatises that "provide a new basis of authority for granting service connection" as newly submitted evidence for purposes of reopening); *see also Ashford v. Brown*, 10 Vet.App. 120, 123-24 (1997) (new theory of entitlement does not constitute new claim). In this case the appellant has simply provided an alternate theory for his claim for direct service connection for neurodermatitis, which the Board failed to treat accordingly. Moreover, the Court notes that in 1982 the RO had before it medical evidence questioning the connection between AO exposure and the veteran's skin condition (R. at 60), and, further, in its March 1992 decision (R. at 62) noted that the veteran had had an Agent Orange examination in November 1980. (A record of such examination does not appear in the record on appeal.) Finally, the veteran's April 1996 claim itself expressly stated that it pertained to the very condition that had "previously" been "denied" because that "condition is still present". R. at 168.

> The Secretary argues that this Court's precedent "'does not preclude de novo adjudication of a claim, on essentially the same facts as a previously and finally denied claim, where an intervening change in law or regulation has created a new basis of entitlement to benefit'". Br. at 10 (quoting *Spencer v. Brown*, 4 Vet.App. 283, 289 (1993), *aff'd*, 17 F.3d 368 (Fed. Cir. 1994), and also citing, inter alia, *Boggs v. West*, 11 Vet.App. 334, 342 (1998)). The Secretary then argues that the promulgation of a VA regulation regarding claims based on AO exposure following the March 1982 RO decision -- specifically 38 C.F.R. § 3.311a (1987); *see also* 50 Fed. Reg. 34458 (1985) -- provides for such a "new basis of entitlement or benefit" as to which de novo adjudication is not precluded, *see Spencer*, *supra.* Br. at 10 (incorrectly citing "38 C.F.R. § 3.311(a) (1986)" and "50 Fed. Reg. 34458 (Aug. 26, 1995)"). However, 38 C.F.R. § 3.311a (1987) does not list as presumptively service connected any of the skin conditions that the veteran has been diagnosed as having and, therefore, does ***not*** provide a new basis for entitlement or benefit. Similarly, as the BVA determined in the decision here on appeal, current AO regulations also do not list the veteran's skin condition as presumptively service connected based on AO exposure. R. at 5 ("the skin disorder which [the veteran] currently complains of is not listed as a disease associated with exposure to [AO]",

citing 38 C.F.R. §§ 3.307(a)(6), 3.309(e) (1998)). Hence *Bielby*, rather than *Spencer*, controls the disposition of this case.

*Vaughn v. West*, U.S. Vet. App. No. 98-269 (May 11, 1999) (mem. dec.).

On August 3, 1999, the appellant filed through counsel an application for $6,450.75 (including $5,975.75 in attorney fees for 45.1 hours and expenses of $475.00) under the EAJA. Application at 1. On October 4, 1999, the Secretary filed a response in opposition, urging that the Court deny the application on the ground that his position was "substantially justified" because the Court had remanded the case solely for application of *Hodge*, *supra*, and because "the state of the law was unsettled and unclear at the time [when] the Secretary's brief arguing against remand under *Hodge* was filed". Response (Resp.) at 1-3. In the alternative, the Secretary requests that the Court reduce the amount requested. Resp. at 5-7. The appellant argues in his October 21, 1999, reply that the Secretary's position was not "substantially justified" and that the requested fees were reasonable "except [for] 11.9 hours claimed for preparation of the opening brief". Reply at 2, 4, 7. On October 28, 1999, the appellant also filed a supplemental EAJA application for an additional $1,590.00 in attorney fees for the work done in preparation and support of the EAJA application.

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). The appellant's August 3, 1999, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and has satisfied any jurisdictional content requirements that apply because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000.00; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Fritz v. West*, 13 Vet.App. 190, 195 (1999); *Chesser v. West*, 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998) (holding that "statement that [appellant] is a prevailing 'party' satisfies eligibility requirement for jurisdictional purposes").

This Court will award attorney fees "unless the [C]ourt finds that the position of the United States was substantially justified". 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). Because the appellant here has alleged, pursuant to 28 U.S.C. § 2412(d)(1)(B), that the Secretary's position was not substantially justified (Application at 3; Reply at 1-4), the Secretary "has the burden of proving that [his] position was substantially justified in order to defeat the appellant's EAJA application", *Stillwell*, *supra*. In order to avoid the payment of attorney fees and expenses, the Secretary must establish that his position was substantially justified at both the administrative (BVA) and litigation (in this Court) stages. *See Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *ZP v. Brown*, 8 Vet.App. 303, 304 (1995).

To determine whether the Secretary has demonstrated that his position was substantially justified during the litigation stage, the Court looks to the "circumstances surrounding the resolution

of the dispute". *Stephens v. West*, 12 Vet.App. 115, 118 (1999) (citing *Dillon v. Brown*, 8 Vet.App. 165, 167-68 (1995), *Bowyer v. Brown*, 7 Vet.App. 549, 553 (1995), and *Carpenito v. Brown*, 7 Vet.App. 534, 537 (1995)). In *Stillwell*, the Court noted that "'a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell*, 6 Vet.App. at 302 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

As to the administrative stage, the Board's treatment of the claim as an original one, although not correct, was beneficial to the appellant. Even though the Court ultimately held that *Bielby*, *supra*, and not *Spencer*, *supra*, was controlling, "a position can be justified even though it is not correct." *Stillwell*, *supra*. It was not prejudicial to the appellant and therefore not unreasonable for the Board to provide him with a determination as to the well groundedness of his claim to which determination he would not have been entitled until he presented new and material evidence.

In his motion for reconsideration, the appellant argues that any conclusion that the Secretary's position at the administrative stage was substantially justified is precluded by the recent opinion of the Federal Circuit in *Winters v. Gober*, which held that this Court "should not assess whether a claim is well grounded until and unless [VA] rules on the issue after the claim is properly reopened in response to the presentation of new and material evidence, and the issue is properly presented on appeal", *Winters*, __ F.3d __, __, 2000 WL 1028575, at *3 (Fed. Cir. July 26, 2000). In this case, however, the Board did make the well-groundedness determination in the first instance. R. at 6. Moreover, even if *Winters v. Gober* were to have some applicability here, the Federal Circuit has recently held that substantial justification under the EAJA is decided under the law as it was when the case was before the Board or Court at the merits stage (that is, when "the government adopted its position"). *See Bowey v. West*, __ F.3d __, __, 2000 WL 963826, at *3 (Fed. Cir. July 13, 2000).

As to the Secretary's litigation position, his reliance on *Spencer* to defend the BVA's action here and his contention that this was a new claim and that new and material evidence was not required, although not correct, again, was not unreasonable under the facts of this case. Accordingly, the Court holds that the Secretary's position was substantially justified at both the administrative and litigation stages. *See Locher* and *ZP*, both *supra*.

Upon consideration of the foregoing analysis, it is

ORDERED that the appellant's July 31, 2000, motion for reconsideration is granted, that the Court's July 18, 2000, per curiam order is withdrawn, and that this order is issued in its stead. It is further

ORDERED that the August 3, 1999, EAJA application and the October 28, 1999, supplemental EAJA application are DENIED.

DATED: August 31, 2000                                      PER CURIAM.

4