# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-25

DOUGLAS A. HAYWOOD, APPELLANT,

v.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge,* and FARLEY and HOLDAWAY, *Judges.*

## O R D E R

Presently pending before the Court, following remand by the United States Court of Appeals for the Federal Circuit (Federal Circuit), *Haywood v. West*, No. 99-7056, 1999 LEXIS 27403 (Fed. Cir. Oct. 28, 1999), is Mr. Haywood's application, through counsel, for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The sole matter now at issue is whether the Secretary's position at the administrative level was substantially justified. For the reasons stated below, the Court concludes that the Secretary's position was substantially justified and thus will deny the EAJA application.

When this EAJA application was initially pending before this Court, the Court denied the EAJA application on the basis that the Secretary's position had been substantially justified. *See Rhodan v. West*, 12 Vet.App. 55, 57-58 (1998) (consolidated with *Haywood v. West*). In its decision remanding the instant application, however, the Federal Circuit directed this Court to address Mr. Haywood's argument (which was elucidated for the first time on appeal to the Federal Circuit) that the Board of Veterans' Appeals (Board or BVA) violated the 38 U.S.C. § 5107(a) duty to assist and the 38 U.S.C. § 5107(b) benefit-of-the-doubt doctrine by failing sua sponte to reconsider its October 31, 1996, decision in light of new regulations issued several days after the Board decision, and that the Secretary thereby lacked substantial justification at the administrative level. He essentially argued that this purported duty to reconsider is related to the duty imposed by *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) ("where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant should and we so hold will apply unless Congress provided otherwise or permitted the Secretary of Veterans Affairs to do otherwise and the Secretary did so"), and that both duties are rooted in section 5107. The Court notes that, during the pendency of this EAJA application, section 5107 was amended by the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000); however, that amendment is not pertinent to this EAJA application because substantial justification, the only matter at issue here, "is decided under the law as it was when the case was before the Board or Court at the merits stage" (*see Vaughn*

*v. Gober*, 14 Vet.App. 92, 95 (2000) (per curiam order) (citing *Bowey v. West*, 218 F.3d 1373, 1376-77 (Fed. Cir. 2000)).

On January 29, 2000, the Court issued an order directing the parties to file copies of the briefs that they had filed in the Federal Circuit and to respond to the question whether the decision in *Routen v. West*, 142 F.3d 1434 (Fed. Cir. 1998), *cert. denied*, 119 S.Ct. 404 (1998), limited the duty to assist and benefit-of-the-doubt doctrine to evidentiary matters. In his response, the appellant contends that the section 5107 provisions involved, when viewed in the context of the pro-claimant VA system, should not be limited to evidentiary matters. He also appears to contend that the purported duty to reconsider could be predicated on 38 U.S.C. § 7722(d), which "does not contain any reference to evidence or to facts." Appellant's Supplemental Brief at 4. In response, the Secretary points out that both section 5107(a) and (b) specifically refer to "evidence" and asserts that, based on the plain language of the statute, both provisions are limited to evidentiary matters. Secretary's Supplemental Brief at 4-5.

There is nothing in the language of former section 5107(a) or (b) that suggests that the Board has a duty sua sponte to reconsider decisions in light of subsequent changes in law. Rather, these sections, by their plain language, deal with evidentiary matters. Indeed, former section 5107(a) provides that a claimant has the burden to "submit *evidence* sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 5107(a) (emphasis added). The Secretary then has the duty to "assist such a claimant in developing *the facts pertinent to the claim*." *Id*. (emphasis added). Moreover, former section 5107(b) provides that when there is "an approximate balance of positive and negative *evidence* regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant." 38 U.S.C. § 5107(b) (emphasis added). Nor does 38 U.S.C. § 7722(d), which requires "[t]he Secretary [to] provide, to the maximum extent possible, aid and assistance . . . to members of the Armed Forces, veterans, and eligible dependents . . . *in the preparation and presentation* of claims under laws administered by the Department," *id*. (emphasis added), have any relevance to the BVA's sua sponte reconsideration of decisions.

The Court holds that none of the statutory provisions cited by the appellant provides a basis for finding that the Secretary's position at the administrative level was not substantially justified because they have no applicability to a situation where the Board did not sua sponte reconsider a BVA decision where there had been a change in law within 120 days following its issuance. Here, the Board applied the law in effect at the time it issued its decision. On appeal, the Secretary acted expeditiously in agreeing to a remand under *Karnas, supra*, to permit the BVA to apply the revised regulation, should that be more advantageous to Mr. Haywood. Accordingly, the Court holds that the Secretary's position was substantially justified. *See Vaughn, supra*.

Upon consideration of the foregoing analysis, it is

ORDERED that the October 16, 1997, EAJA application is DENIED.

DATED:      December 12, 2000                                      PER CURIAM.